UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RLI INSURANCE COMPANY, a foreign
corporation,

                Plaintiff,

-vs-                                           Case No. 2:10-cv-574-FtM-36SPC

EAGLE CONCRETE SYSTEMS, INC., a Florida
Corporation, MICHAEL J. LEANNAH, CARMEL
M. LEANNAH,

                Defendants.
_____

**ORDER**

This matter comes before the Court on Plaintiff's Motion for Default (Doc. #25) filed on January 21, 2011. Plaintiff RLI Insurance Company moves for the entry of default against Defendant Eagle Concrete Systems, Inc. The Return of Service (Doc. #3) indicates that Eagle Concrete Systems, Inc. was served with process on September 30, 2010. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), a defendant must serve an answer within 21 days after being served with the summons and complaint. Under Local Rule 2.03(d), a corporation may appear and be heard only through counsel admitted to the Court pursuant to Local Rule 2.01 or 2.02. The rule is well established that a corporation is an artificial entity that can only be represented through its agents. Palazzo v. Gulf Oil Corp., 764 F.2d 1382, 1385 (11th Cir. 1985). It cannot appear in judicial proceedings *pro se* but must instead be represented by licensed counsel. Id. The general rule that corporations must be represented by an attorney in judicial actions applies even where the person seeking to represent the corporation is its president and/or major stock holder. Id. To date, the

Defendant corporation has failed to retain counsel and has failed to file or serve a proper response to the Complaint.

The entry of a default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a). Before a clerk's default can be issued against the party the serving party must establish that defaulting party was properly served. Kelly v. Florida, 2007 WL 295419, *2 (11th Cir. Jan. 31, 2007).

The Florida Rules of Civil Procedure state that "at the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made." Fla. R. Civ. P. 1.070. A corporation may be served by serving process on the president, vice president, the cashier, treasurer, secretary, general manager, any director, any officer or business agent residing in the state. Fla. Stat. § 48.081(1)(a-d). As an alternative, process may be served on the agent designated by the corporation as its registered agent. Id. § 48.081(3)(a). The conditions imposed by Florida Stat. § 48.081 must be strictly complied with. S.T.R. Industries, Inc. v. Hidalgo Corporation, 832 So. 2d 262, 263 (Fla. 3d DCA 2002); Richardson v. Albury, 505 So. 2d 521, 522-523 (Fla 2d DCA 1987).

In this case, Plaintiff filed the Complaint on September 17, 2010. Plaintiff served Carmel Leannah as an officer of the corporation on September 18, 2010. This was proper. Thus, service was effected on September 18, 2010. To date, Defendant Eagle Concrete Systems has failed to file a proper responsive pleading. Therefore, the entry of Clerk's default is appropriate.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Default (Doc. #25) is **GRANTED**.  The Clerk is directed to enter clerk's default against Defendant Eagle Concrete Systems, Inc. only.

**DONE AND ORDERED** at Fort Myers, Florida, this   25th    day of January, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record